[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 1, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-15938
Non-Argument Calendar
_____

Agency Nos. A78-343-145
A78-578-434

MARIA CEMIDA ARIAS,
MARTHA LILIANA BERNAL ARIAS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 1, 2005)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Maria Cemida Arias (Maria) and her daughter, Martha Liliana Bernal Arias (Martha), hereinafter "petitioners" when referred to collectively, both natives and citizens of Colombia, petition, through counsel, for review of the final order of the Board of Immigration Appeals ("BIA"), which adopted and affirmed the Immigration Judge's ("IJ's") order denying their applications for asylum, 8 U.S.C. § 1158, withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3)(A), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. 208.16(c). Because petitioners' removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), this case is governed by the permanent provisions of the INA, as amended by IIRIRA. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

On appeal, petitioners argue that the BIA and the IJ erred in denying their petition for withholding of removal because it is more likely than not that they will be tortured by the FARC, a guerrilla group, if returned to Colombia.[1] In particular, petitioners allege that the BIA and the IJ erred in determining that they have not

---

[1]Petitioners abandoned their claims for asylum and CAT relief by failing to raise them in their briefs. *Sepulveda v. United States Attorney Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

suffered past persecution based on their membership in a particular social group, namely, bacteriologists and their immediate families who have been sought out for recruitment by the FARC.

Because the BIA adopted and affirmed the IJ's decision with its own comments, we review both the BIA and the IJ's decisions. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review legal determinations *de novo*, *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001), and factual determinations under the substantial evidence test, *Forgue v. U. S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). Under the latter, "highly deferential test, we affirm the [BIA's] decision if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation omitted). We do not review factual findings *de novo*, find facts not raised below, or reweigh evidence from scratch. *Id.* We review the record evidence in a light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Id.* We "reverse[] only if the evidence 'compels' a reasonable fact finder to find otherwise." *Sepulveda*, 401 F.3d at 1230.

An applicant is entitled to withholding of removal if he can demonstrate that her life or freedom would be threatened in that country on account of race, religion, nationality, membership in a particular social group, or political opinion. INA §

241(b)(3), 8 U.S.C. §1231(b)(3); *see also Sepulveda*, 401 F.3d at 1232. If the applicant has not established past persecution, or if the applicant's fear of future persecution is unrelated to past persecution, the applicant bears the burden of demonstrating that it is more likely than not that she will suffer persecution upon removal. *Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1264 (11th Cir. 2004). This standard is more stringent than the standard for asylum. *Sepulveda*, 401 F.3d at 1232. In contrast, if the applicant demonstrates past persecution, a rebuttable presumption arises that her life or freedom would again be threatened upon removal. *Antipova*, 392 F.3d at 1264 The government may rebut this presumption in two ways: (1) by showing that a fundamental change in circumstances in the proposed country eliminates the applicant's fears of persecution, or (2) by showing that the applicant could avoid a future threat by relocating within the proposed country, and that relocation would be reasonable under the circumstances. *Id.*

We have defined persecution as "an extreme concept requiring more than a few isolated incidents of verbal harassment or intimidation." *See Sepulveda*, 401 F.3d at 1231. (internal quotations omitted). Thus, in order to qualify for withholding of removal, an applicant must show more than mere harassment due to

4

a refusal to cooperate. *Sanchez v. U. S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004).

As with other factual findings, we also review credibility determinations under the substantial evidence test. *Forgue*, 401 F.3d at 1286. "That is, 'the trier of fact must determine credibility, and this court may not substitute its judgment for that of the IJ with respect to credibility findings.'" *Id.* (quotation omitted). We will not overturn a credibility determination unless the record compels it. *Id.* at 1287.

An IJ must offer specific, cogent reasons for an adverse credibility determination. *Forgue*, 401 F.3d at 1287. Such a determination must go to the heart of the claim, and not be based on minor discrepancies, inconsistencies, or omissions. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002); *see also Pop v. INS*, 270 F.3d 527, 531 (7th Cir. 2001). A single inconsistency may be sufficient to sustain an adverse credibility determination if the inconsistency goes to the heart of her asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001). In any event, an adverse credibility determination does not diminish an IJ's duty to consider other evidence produced by an applicant. *Forgue*, 401 F.3d at 1287.

In *Forgue*, we concluded that substantial evidence supported the IJ's adverse credibility determination, as the applicant testified, without corroborating evidence,

5

as to facts he had never mentioned before. *Id.* Likewise, in *D-Muhamed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004), we concluded that substantial evidence supported the IJ's adverse credibility determination after determining that the IJ noted numerous inconsistencies between the applicant's testimony, application, and documentary evidence. "Given the IJ's enumeration of these inconsistencies, which are supported by the record, we will not substitute our judgment for that of the IJ with respect to its credibility findings." *Id.*

In the present case, Martha attempted to prove past persecution based on an alleged rape she suffered because she would not cooperate with the FARC. However, the IJ found Martha's testimony of the rape incredible based on numerous inconsistencies between her testimony, asylum application, and addendum to her asylum application. In particular, the IJ found that Martha (1) failed to mention the fact that she was raped in her initial asylum application; (2) testified that one man raped her, but stated in her addendum that three men raped her; and (3) testified inconsistently with her addendum by one week as to the length of time she spent hospitalized after the attack. Martha also introduced corroborating evidence of the rape in the form of a short letter from a doctor friend stating that a physical examination of Martha about a month after the attack showed bruises on her body and clear signs of sexual abuse. The IJ discredited this

6

letter based on Martha's unwillingness to submit to a full examination by the doctor.

After a careful review, we conclude that the record supports the IJ's findings. As mentioned above, we do not substitute our judgment for that of the IJ with respect to credibility findings. Given the IJ's enumeration of Martha's inconsistencies, which are material and supported by the record, as well as the IJ's consideration and rejection of Martha's corroborating evidence, also supported by the record, we conclude that substantial evidence supports the IJ's adverse credibility determination.

Because the IJ discredited Martha's testimony, the IJ refused to find past persecution, and ultimately concluded that Martha failed to meet her burden in demonstrating that it is more likely than not that she will suffer persecution upon removal. Applying the substantial evidence test to this factual determination, we deny Martha's petition, as the IJ's determination is supported by reasonable, substantial, and probative evidence on the record considered as a whole. In particular, without a credible claim of rape, we cannot conclude that it is more likely than not that Martha would be persecuted or tortured upon her return to Colombia.

As to Maria's application, the IJ found that she failed to introduce any evidence of past persecution, and that her allegations only alleged attempted extortion. The record supports these findings, as Maria, in her application as well as during her testimony, only alleged that the FARC threatened her for information and for money. Under established precedent, such allegations do not amount to persecution for withholding of removal purposes. Thus, in light of Maria's testimony, we cannot conclude that it is more likely than not that Maria will be persecuted or tortured upon her return to Colombia.

Because the petitioners have failed to establish their burden of proof for withholding of removal purposes, we deny their petitions.

**PETITIONS DENIED**.